IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ABC IP, LLC et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Steven Thanh Nguyen, an individual, d/b/a Polymer Pew,<br><br>    *Defendant*. | Case No. 4:25-CV-2961<br><br>ANSWER TO COMPLAINT<br><br>Demand For Jury Trial |

Steven Thanh Nguyen, an individual, d/b/a Polymer Pew, ("Defendant") responds to the Complaint [Dkt. 1] of ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") as follows. For convenience, this Answer uses the headings used in the Complaint; however doing so is not an admission that those headings are correct or appropriate. Every allegation not specifically admitted is denied.

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of ¶1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of ¶2 of the Complaint.

3. Defendant admits the allegations of ¶3 of the Complaint.

4. Defendant denies the allegations of ¶4 of the Complaint.

## JURISDICTION AND VENUE

5. With respect to ¶5 of the Complaint, Defendant admits that Plaintiffs brought an action for patent infringement but denies that the action has merit.

1

6. Defendant admits the allegations of ¶6 of the Complaint.

7. Defendant admits the allegations of ¶7 of the Complaint.

8. Defendant denies the allegations of ¶8 of the Complaint.

## BACKGROUND

9. With respect to ¶9 of the Complaint, Defendant admits that Plaintiffs' lawsuit asserts contributory and induced infringement of U.S. Patent No. 12,038,247 (the "'247 Patent") but denies that the lawsuit has merit. Exhibit A to the Complaint is not a certified copy of the '247 Patent, so Defendant lacks knowledge and information sufficient to form a belief regarding the remaining allegations.

10. With respect to ¶10 of the Complaint, Defendant admits that the '247 Patent issued on July 16, 2024, and that it purports to claim the benefit of a provisional application that was filed on September 8, 2022, but denies that the patent is entitled to such priority date or that the patent was lawfully and properly issued due to its invalidity.

11. With respect to ¶11 of the Complaint, Defendant admits that a purported assignment of the '247 Patent's application to ABC has been recorded at the U.S. Patent and Trademark Office but lacks knowledge and information sufficient to form a belief regarding the remaining allegations.

12. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of ¶12 of the Complaint.

13. Defendant denies the allegations of ¶13 of the Complaint.

14. With respect to ¶14 of the Complaint, Defendant admits that ABC's counsel sent a cease-and-desist letter to Defendant but denies that the letter had merit, as explained in their May 8, 2025 letter, attached herein as Exhibit 1.

The Invention

15. With respect to ¶15 of the Complaint, Defendant admits that the '247 Patent discloses a device for accelerating the firing sequence of a semiautomatic firearm, where the device can be selected to operate in a standard semiautomatic mode or a forced-reset semiautomatic mode. The disclosed device uses a cam (which is a component that the '247 Patent discloses as separate from the selector that selects the mode of operation) that is rotated by movement of the bolt carrier to force the trigger member to reset. The '247 Patent discloses that the device can be used in AR-pattern firearms. However, Defendant denies that the '247 Patent's device is novel and the remaining allegations.

16. Defendant admits the allegations of ¶16 of the Complaint.

17. With respect to ¶17 of the Complaint, Defendant admits that the disconnector (in a standard AR-pattern firearm) holds the hammer in a cocked position until the trigger sear can engage the hammer. In a standard semiautomatic AR-pattern firearm (i.e., with no modified or customized components), this prevents the firearm from either firing multiple rounds on a single pull of the trigger or from allowing the hammer to follow the bolt carrier as it returns to battery.

18. With respect to ¶18 of the Complaint, Defendant admits that at least some forced-reset trigger designs utilize the cycling of the bolt carrier to cause the trigger member to be forced to the reset position (even where the user is maintaining and has not released pressure on the trigger).

19. With respect to ¶19 of the Complaint, Defendant admits that the '247 Patent discloses a device with two modes of operation (standard semiautomatic and forced-reset automatic) but denies that the Patent discloses an improvement in such technologies, since such technologies were disclosed long before the '247 Patent.

20. With respect to ¶20 of the Complaint, Defendant admits that the '247 Patent discloses a device that can operate in forced-reset mode, where a cam (which is a separate component from the mode selector) is rotated by movement of the bolt carrier to force the trigger member to reset.

### The Infringing Devices

21. With respect to ¶21 of the Complaint, Defendant admits that Defendant is offering for sale and selling a Super Safety kit and components therefor. Defendant denies that the Super Safety embodies the technology claimed in the '247 Patent and the remaining allegations.

22. With respect to ¶22 of the Complaint, Defendant admits that Defendant sells and offers for sale the Super Safety but denies the remaining allegations (including that the Super Safety infringes the '247 Patent).

23. With respect to ¶23 of the Complaint, Defendant admits that Defendant sells a Super Safety cam and lever (that replace a standard AR-pattern safety selector). Defendant denies the remaining allegations.

24. With respect to ¶24 of the Complaint, Defendant admits that Defendant sells Super Safety cam levers, as explained in ¶23.

25. With respect to ¶25 of the Complaint, Defendant admits that Defendant sells a display model. Defendant denies the remaining allegations.

26. Defendant admits that ¶26 of the Complaint quotes 35 U.S.C. §271(c).

27. With respect to ¶27 of the Complaint, it is unclear which exact "parts" are referenced. Defendant further denies the remaining allegations.

28. Defendant admits that ¶28 of the Complaint quotes 35 U.S.C. §271(b).

29. Defendant denies the allegations of ¶29 of the Complaint.

30. Defendant admits the allegations of ¶30 of the Complaint.

31. Defendant admits the allegations of ¶31 of the Complaint.

32. Defendant denies the allegations of ¶32 of the Complaint.

33. Defendant denies the allegations of ¶33 of the Complaint.

## COUNT I – INDIRECT INFRINGEMENT OF THE '247 PATENT

34. Defendant incorporates by reference the preceding paragraphs as if fully set forth herein.

35. Defendant denies the allegations of ¶35 of the Complaint.

36. Defendant denies the allegations of ¶36 of the Complaint.

37. Defendant denies the allegations of ¶37 of the Complaint.

38. Defendant denies the allegations of ¶38 of the Complaint.

39. Defendant denies the allegations of ¶39 of the Complaint.

40. Defendant denies the allegations of ¶40 of the Complaint.

41. Defendant denies the allegations of ¶41 of the Complaint.

42. Defendant denies the allegations of ¶42 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant has not infringed and does not infringe any valid and enforceable claim of the '247 Patent.

3. The asserted claims of the '247 Patent do not meet the statutory requirements of the Patent Act, 35 U.S.C. §101 et seq., and thus are invalid.

4. Plaintiffs have failed to plead and prove compliance with 35 U.S.C. §287, thus limiting any damages that they may recover.

5. Plaintiffs' claims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

6. Plaintiffs' claims are barred in whole or in part by one or more of the equitable doctrines of estoppel, laches, acquiescence, waiver, and unclean hands.

7. Plaintiffs are not entitled to injunctive relief as they, at minimum, have not suffered any irreparable injury.

8. Defendant's conduct was not the proximate cause of Plaintiffs' alleged damages.

9. Pursuant to Federal Rule of Civil Procedure 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore Defendant reserve their right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants the same.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Dated: August 7, 2025

Respectfully submitted,

*/s/ H. Dale Langley, Jr.*
H. Dale Langley, Jr.
Texas Bar No. 11918100
Federal ID No. 25026
dlangley@iptechlaw.com
The Langley Law Firm, PC
1803 West Avenue
Austin, Texas 78701
(512) 477-3830 - Telephone
(866) 735-9129 - Facsimile

        John M. Skeriotis (*pro hac vice* motion forthcoming)
        jms@etblaw.com
        **EMERSON, THOMSON & BENNETT, LLC**
        1914 Akron-Peninsula Road
        Akron, Ohio 44313
        (330) 434-9999 – Telephone
        (330) 434-8888 – Facsimile

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 7th day of August, 2025, through a notice of electronic filing through the Court's CM/ECF system.

        */s/ H. Dale Langley, Jr.*
        H. Dale Langley, Jr.